IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| James Benton, #246955, | ) | C/A NO. 2:07-168-CMC-RSC |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Jon E. Ozmint, Director of S.C.D.C., | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* petition for a writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Robert S. Carr for pre-trial proceedings and a Report and Recommendation. On February 9, 2007, the Magistrate Judge issued a Report recommending that the Petition be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed Objections to the Report and a Motion for an Extension of Time on February 21, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's Objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Prior to filing a second or successive petition under § 2254, Petitioner must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner's Motion for an Extension of Time essentially seeks a stay of this Petition while he seeks such authorization from the Fourth Circuit.

Because Petitioner did not seek and receive authorization from the Fourth Circuit prior to filing the Petition, this court is without jurisdiction to consider the Petition. Therefore, it must be dismissed without prejudice and without issuance and service of process. If Petitioner is successful in seeking authorization to file a successive petition from the Fourth Circuit, he may then return to this court with his Petition.

This Petition is **dismissed without prejudice** as this court is without jurisdiction to consider it. Petitioner's motion for an extension of time is **dismissed.**

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON McGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 1, 2007

C:\Documents and Settings\Guest\Local Settings\Temp\notesE1EF34\07-268 Benton v. Ozmint e adopt rr dism wo prejudice successive petition.wpd

3